## DECLARATION OF SPECIAL AGENT BRENDAN CULLEN
## IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

I, Brendan Cullen, state:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with the Homeland Security Investigations ("HSI") assigned to the Providence Field Office. I have been employed by HSI and its predecessor, the U.S. Customs Service, since January 2003. In connection with my official duties, I have investigated and assisted other agents in investigating numerous cases involving a wide variety of criminal violations including, but not limited to, narcotics trafficking, money laundering, interstate transportation of stolen goods, intellectual property rights, and fraud investigations.

2.  I submit this affidavit to verify a Complaint for Forfeiture In Rem against the Real Property located at 65 Woodbridge Drive, East Greenwich, Rhode Island (the "Defendant Property").

3.  I submit that the Defendant Property is subject to forfeiture on the grounds that the Defendant Property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1014 (false statement in loan application).

4.  The information contained in this affidavit is based on witness interviews, conversations with investigators from multiple agencies/departments involved in this investigation, all of whom I believe to be truthful and reliable; my personal knowledge and observations during the course of this investigation; my personal training and experience as a criminal investigator; and my review of records, documents and other evidence obtained during this investigation. In submitting this

1

affidavit, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only those facts that I believe are necessary to establish a reasonable belief that the Defendant Property is subject to civil forfeiture as constituting or traceable, directly or indirectly, at least in material part, to proceeds of violations of 18 U.S.C. § 1014.

5. The Owner of the Defendant Property ("Owner") operates a law firm which handles criminal, family, and immigration cases and is admitted to practice state law in Massachusetts and Rhode Island, and immigration law in federal immigration proceedings.

6. Owner obtained a mortgage loan on the Defendant Property, which is his personal residence, based on a mortgage loan application that he submitted on or about August 16, 2019.

7. Owner's mortgage loan application included misrepresentations of material fact that Owner knowingly made with intent to influence the mortgage lender, Embrace Home Loans, Inc. ("Embrace"), and others.

8. Owner purchased the Defendant Property on August 16, 2019, for $650,000. Owner financed $585,000 of the purchase price with a loan from Embrace, and paid $74,459.66 towards the purchase of the home from a Bank of Rhode Island business operating account.

9. The Defendant Property has an estimated current value of approximately $1,177,000. As a result, the value of the Defendant Property has increased by approximately $527,000 since its purchase for $650,000 in 2019.

10. To gain approval for his mortgage loan, Owner was required to establish his income and assets. Not having tax returns to support his income, he submitted business bank account records. Along with these documents, Owner included or caused to be included a document stating that he had no employees, despite the fact that contemporaneous bank records show that he made payments to multiple individuals. Moreover, multiple witnesses identified individuals working in Owner's law office, some of which were also seen receiving regular financial transfers.

11. In addition, Owner failed to disclose his IRS tax debt for tax years 2013 and 2014 on his Embrace loan application.[1]

### False Statements Owner Knowingly Made in Embrace Home Loan Application

12. As part of the investigation into Owner's activities, investigators obtained records from Embrace, the full-service mortgage lender[2] that financed the purchase of the Defendant Property. Based on investigators' review of those records, I submit that Owner knowingly made false statements and representations of material fact for the purpose of influencing Embrace, a mortgage lending business, to issue Owner a mortgage loan, all in violation of 18 U.S.C. § 1014.

13. To prove a violation of 18 U.S.C. § 1014, the United States must establish that (1) the defendant made a false statement or report to a mortgage lending business; (2) that the defendant made the false statement or report knowing that it

---

[1] The IRS filed two liens against Owner in December of 2017 for tax years 2013 and 2014.

[2] *See* https://www.embracehomeloans.com/about last visited November 20, 2024.

was false; and (3) that the defendant did so for the purpose of influencing in any way the action of a mortgage lending business.

14. On or about August 16, 2019, Owner purchased the Defendant Property with a $585,000 loan from Embrace. This loan was secured by a mortgage on the Defendant Property.

15. On or about that date, Owner signed a materially false Uniform Residential Loan ("URL") Application, Fannie Mae Form 1003, in which he falsely represented that he did not have any "Federal debt." He also failed to list all of his liabilities, to include his debt to the IRS for Tax Years 2013 and 2014. Specifically, Section VI of the URL required that Owner list "all outstanding debt." He failed to list the two tax liens that were filed against him with the Suffolk County Register of Deeds by the IRS.

16. The IRS filed these two liens on December 4, 2017, in Suffolk County, Massachusetts. Prior to filing the liens, the IRS provided notice of the liens to Owner on or about November 28, 2017.

17. Furthermore, on Section VIII of the URL Application, Owner falsely checked "No" to the question, "Are you presently delinquent or in default on any Federal debt . . ." when, in fact, he owed money for Tax Years 2013 and 2014 to the IRS.

18. In addition to the above-identified materially false representations Owner knowingly made on the URL Application, Owner caused a letter, which Owner knew to contain false statements of material fact, to be uploaded to Embrace's electronic portal during the origination process.

19. Specifically, on or about August 1, 2019, Owner caused a letter to be submitted to Embrace that falsely represented that he had no employees, when in fact he had several. Owner caused this letter, which bore his signature on the law firm's letterhead, to be presented to Embrace in response to the underwriter's questions as the underwriter attempted to ascertain a correct accounting of Owner's income.

20. *This materially false statement to the effect that Owner's law firm had no employees influenced the underwriter and the mortgage lender, Embrace.* When informed that the law firm had "No payroll" by the broker, the Embrace underwriter responded, ". . . it looks good-actually more income because his expenses appear to be less."[3]

21. On January 23, 2025, investigators interviewed Owner about his mortgage application. During that interview, Owner admitted that Embrace asked for the letter regarding whether he had employees because Owner did not have tax returns to submit in support of the mortgage application. Owner admitted that he had employees at the time the letter was submitted to Embrace. Investigators also asked Owner whether he was aware of the federal tax liens against him. Owner claimed

---

[3] While reviewing the documents provided by Embrace, I observed that the e-mail correspondence pertaining to this loan is primarily between Owner's spouse and Embrace personnel. However, Owner's spouse frequently copied Owner on these e-mails. Specifically, on August 1, 2019, Owner's spouse included him on an e-mail to an Embrace loan processor where he confirmed that the buyer of the home, Owner, had no employees, despite including his digital signature on this e-mail listing him as the "Manager" of the law firm business.

that he was not aware of the liens, but later in the interview Owner acknowledged that he owed the IRS money from tax years 2013 and 2014.

22. In reliance on Owner's mortgage loan application and supporting documents—including the above-referenced false statements of material fact that Owner knowingly made in the mortgage loan application and in the supporting documents that Owner submitted and caused to be submitted to Embrace—Embrace issued a mortgage loan to Owner in the amount of approximately $585,000.

## **CONCLUSION**

23. Based on the above information, I submit that the government has a reasonable belief that Owner knowingly made false statements of material fact in a loan application and supporting loan-application documents for the purpose of influencing a mortgage lending business, in violation of 18 U.S.C. § 1014.

24. I further submit that the Defendant Property, including appreciation in its value, constitutes or is derived in material part from proceeds traceable to that violation of 18 U.S.C. § 1014.

25. Accordingly, I submit that the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

Respectfully submitted,

*Brendan J. Cullen*

_____
BRENDAN CULLEN
Special Agent
Homeland Security Investigations